Frank R. Marten, Defendant in Error, v. Hermann Redlich, Plaintiff in Error.

Gen. No. 15,224.

MUNICIPAL COURT—*when verdict not disturbed.* If the verdict of the jury finds sufficient support in the evidence and the judgment of the Muncipal Court does substantial justice between the parties, a reversal will not be awarded.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed July 14, 1910.

STEELE & THOMPSON, for plaintiff in error.

HENRY FRANKFURTER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

It would seem from the evidence in this record that the defendant represented to plaintiff that he had a soap business at 191 Fourth street, Milwaukee, Wisconsin, and that the soap was disposed of by peddling the same through agents, and that such sales were made under a "retailer's license"; that he would sell the soap, the license and the business to plaintiff for $257.09; that the stock of soap in Milwaukee was worth about $200. Upon plaintiff agreeing to buy, defendant further agreed that if plaintiff, after paying, was not satisfied, he would pay back to him all the money received. Meissner, a witness for plaintiff, substantially corroborated the latter statement when he testified that defendant said to plaintiff in his hearing, "Well, Mr. Marten, if the business is not as I represent it, or you do not like the business or you cannot make any money out of it, I am willing to return the money any time you ask for it." Plaintiff went to Milwaukee and visited 191 Fourth street, but did not find any soap there; neither did he get any "retailer's license." The agent of defendant at Milwaukee paid him in a check to

defendant's order $55, supposedly for soap sold from the stock which plaintiff was supposed to have purchased. Defendant endorsed this check and plaintiff obtained payment of it. The agent told plaintiff when he inquired for the stock of soap which defendant had represented was on hand at Milwaukee, that there was not any soap on hand, and a search by plaintiff and his witness Meissner for the soap said to be in Milwaukee proved fruitless. The cause was submitted to a jury which rendered its verdict in favor of plaintiff for the amount paid, less a credit of $55. Judgment was entered upon this verdict.

The evidence clearly demonstrates that plaintiff did not receive what he had bargained for with defendant, and that he was, to put it mildly, at least misled by defendant, who failed either to deliver the property which he pretended to sell or put plaintiff in a position where he could by reasonable effort obtain possession. We are also of the opinion that defendant was liable on his promise to return the money paid him by plaintiff if for any reason he became dissatisfied with his bargain. The $55 check payable to the order of defendant may be regarded as a payment on account when he endorsed the check and delivered it to plaintiff. The contentions here involved are treated by both parties as question of fact and not of law. As such they were fairly submitted to the jury. It was therefore the province of the jury to solve by their verdict the conflict in the evidence. This they have done, and we cannot say that such conclusion is contrary to the manifest weight of the evidence, and consequently we are not privileged to disturb it.

On the case as a whole we think the judgment does justice between the parties. Plaintiff trusted defendant in the whole matter. He bargained for something about which he had no knowledge, and paid his money, in faith of the verity of the representations of defendant, for goods which he had not seen. That for which plaintiff bargained he was unable to obtain. He was naturally dissatisfied and demanded a return of his money in accordance with one of the terms of the bargain and in faith of which he parted with his money.

In law and conscience defendant should have returned the money voluntarily upon demand. Not having done so, and the verdict of the jury finding sufficient warrant in the evidence to support it, the judgment of the Municipal Court is affirmed.

*Affirmed.*